UNITED STATES of America, Appellant, v.
Roy Lee SPANN, Appellee.

No. 7023.

Circuit Court of Appeals, Sixth Circuit.

May 13, 1936.

J. B. Frazier, Jr., U. S. Atty., of Knoxville, Tenn.

Thomas Crutchfield, of Chattanooga, Tenn., for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

PER CURIAM.

The court being of opinion that the evidence adduced on the hearing of this cause was not sufficient to submit to the jury the question as to whether the appellee became totally and permanently disabled during the life of the converted policy becoming effective April 1, 1927, it is ordered that the judgment be reversed and the cause remanded for a new trial.

UNITED STATES of America v. E. Y. STOBAUGH, Guardian of James P. Stobaugh.

No. 6871.

Circuit Court of Appeals, Sixth Circuit.

Jan. 16, 1936.

Wm. McClanahan, U. S. Atty., of Memphis, Tenn.

Bailey Walsh and Thos. J. Walsh, both of Memphis, Tenn., for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

PER CURIAM.

It appearing that the appellant's motion for directed verdict should have been granted because there was no substantial evidence that the insured became totally and permanently disabled while his war risk insurance policy was in force, it is

therefore ordered and adjudged that the judgment be, and the same is hereby, reversed, and the cause remanded for new trial.

UNITED STATES of America v. TAYLOR MAYFIELD COMPANY.

No. 7353.

Circuit Court of Appeals, Sixth Circuit.

March 5, 1936.

E. B. Freed, U. S. Atty., of Cleveland, Ohio.

Davies & Eshner, of Cleveland, Ohio, for appellee.

PER CURIAM.

Docketed and dismissed on motion of appellant.

UNITED STATES of America, Appellant, v.
Thomas A. WEST, Appellee.

No. 7035.

Circuit Court of Appeals, Sixth Circuit.

June 4, 1936.

J. B. Frazier, Jr., U. S. Atty., of Knoxville, Tenn.

Frank P. Bowen, of Knoxville, Tenn., for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

PER CURIAM.

A majority of the court being of opinion, Judge ALLEN dissenting, that there was not sufficient evidence on which to submit to the jury the question as to whether the appellee, West, became totally and permanently disabled during the life of the policy sued on, it is ordered that the judgment be reversed and the cause remanded for a new trial.